UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAROLETTE WARD,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>YOUNGBLOOD,<br><br>　　　　　Defendant.<br>_____/ | CASE NO.　1:11-cv-01567-GBC<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>(ECF No. 7)<br><br>AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |

**SCREENING ORDER**

I.　**PROCEDURAL HISTORY**

　　Plaintiff Charolette Ward ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on September 13, 2011 and consented to Magistrate Judge jurisdiction on September 30, 2011. (ECF Nos. 1 & 6.) Plaintiff's Complaint is now before the Court for screening.

　　For the reasons set forth below, the Court finds that Plaintiff has failed to state any claims upon which relief may be granted.

1

## II. SCREENING REQUIREMENTS

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 129 S.Ct. at 1949.

## III. SUMMARY OF COMPLAINT

Plaintiff appears to be alleging a violation of the Fourth Amendment. Plaintiff names Youngblood as the only Defendant. In her statement of the case, Plaintiff states that "I felt that it was wrong to be strip search[ed]." Plaintiff seeks "equal justice".

## IV. ANALYSIS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted).

Plaintiff appears to alleging that her Fourth Amendment was violated when a strip search was conducted.

The Fourth Amendment protects prisoners from unreasonable searches, including the invasion of bodily privacy. Bull v. City and County of San Francisco, 595 F.3d 964, 974-75 (9th Cir. 2010); Michenfelder v. Sumner, 860 F.2d 328, 332-33 (9th Cir. 1988). The Fourth Amendment prohibits unreasonable searches, and reasonableness is determined by the context, which requires a balancing of the need for the particular search against the invasion of personal rights that search entails. Bell v. Wolfish, 441 U.S. 520, 558-59 (1979) (quotations omitted); Bull, 595 F.3d at 971-72; Nunez v. Duncan, 591 F.3d 1217, 1227 (9th Cir. 2010); Michenfelder, 860 F.2d at 332. The scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted must be considered. Bell, 441 U.S. at 559 (quotations omitted); Bull, 595 F.3d at 972; Nunez, 591 F.3d at 1227; Michenfelder, 860 F.2d at 332.

In evaluating whether a prison's policy or practice is reasonable under the Fourth

Amendment, courts must also look to the test articulated in Turner v. Safley, 482 U.S. 78, 89-91 (1987). Under Turner as applied to Fourth Amendment body search claim, any infringement on a prisoner's Fourth Amendment rights must be reasonably related to legitimate penological interests; this requires consideration of: (1) whether there is a valid, rational connection between the prison regulation and the legitimate governmental interest put forward to justify it; (2) the impact the accommodation of the asserted constitutional right will have on guards and other inmates, and on the allocation of prison resources generally; and (3) the absence of ready alternatives. Bull, 595 F.3d at 973; Nunez, 591 F.3d at 1227; Michenfelder, 860 F.2d at 331.

Plaintiff's allegations must be sufficient to state a facially plausible Fourth Amendment claim, with any alleged infringement being "evaluated in the light of the central objective of prison administration, safeguarding institutional security." Bull, 595 F.3d at 972 (quoting Bell, 441 U.S. at 547). "[T]he problems that arise in the day-to-day operation of a correctional facility are not susceptible of easy solutions," and prison officials must be accorded "'wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.'" Id.

Plaintiff's lone statement that she felt that the strip search was wrong is insufficient to state a claim. The Court will give her leave to amend to attempt to state a Fourth Amendment claim. Plaintiff must describe the search itself as well as the circumstances surrounding the search. Plaintiff must also name a Defendant in her statement of the case.

///

## V.     **CONCLUSION AND ORDER**

The Court finds that Plaintiff's Complaint fails to state any Section 1983 claims upon which relief may be granted and also fails to make a proper request for relief. The Court will provide Plaintiff time to file an amended complaint to address the potentially correctable deficiencies noted above. See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). In his Amended Complaint, Plaintiff must demonstrate that the alleged incident or incidents resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948-49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). Plaintiff must also demonstrate that each defendant personally participated in the deprivation of his rights. Jones, 297 F.3d at 934.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new defendants or claims. Plaintiff should focus the amended complaint on claims and defendants relating solely to the issues discussed herein. Plaintiff should also include a request for relief.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's Complaint is dismissed for failure to state a claim, with leave to file an amended complaint within thirty (30) days from the date of service of this order;

2. Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:11-cv-1567-GBC (PC); and

3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated:   October 6, 2011

UNITED STATES MAGISTRATE JUDGE