# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAROLETTE WARD, | CASE NO. 1:11-cv-01567-GBC |
| Plaintiff, | ORDER DISMISSING ACTION FOR FAILURE TO STATE A CLAIM |
| v. | (ECF No. 10) |
| YOUNGBLOOD, | CLERK TO CLOSE CASE |
| Defendant. | |

**SCREENING ORDER**

I. **PROCEDURAL HISTORY**

Plaintiff Charolette Ward ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on September 13, 2011 and consented to Magistrate Judge jurisdiction on September 30, 2011. (ECF Nos. 1 & 6.) Plaintiff's Complaint was screened and dismissed with leave to amend for failure to state a claim. (ECF No. 9.) Plaintiff filed a First Amended Complaint on October 13, 2011, and it is now before the Court for screening. (ECF No. 10.)

For the reasons set forth below, the Court finds that Plaintiff has failed to state any claims upon which relief may be granted.

## II. SCREENING REQUIREMENTS

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 129 S.Ct. at 1949.

## III. SUMMARY OF COMPLAINT

Plaintiff alleges a violation of the Fourth Amendment. Plaintiff names Youngblood

2

and Doe as the only Defendants.  In her statement of the case, Plaintiff states that she was arrested on March 28, 2011 and that she was searched twice on the women's side of booking.  Plaintiff again requests "equal justice".

## IV. ANALYSIS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws."  Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted).

Plaintiff appears to alleging that her Fourth Amendment was violated when a strip search was conducted.

The Fourth Amendment protects prisoners from unreasonable searches, including the invasion of bodily privacy.  Bull v. City and County of San Francisco, 595 F.3d 964, 974-75 (9th Cir. 2010); Michenfelder v. Sumner, 860 F.2d 328, 332-33 (9th Cir. 1988).  The Fourth Amendment prohibits unreasonable searches, and reasonableness is determined by the context, which requires a balancing of the need for the particular search against the invasion of personal rights that search entails.  Bell v. Wolfish, 441 U.S. 520, 558-59 (1979) (quotations omitted); Bull, 595 F.3d at 971-72; Nunez v. Duncan, 591 F.3d 1217, 1227 (9th Cir. 2010); Michenfelder, 860 F.2d at 332.  The scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which

3

it is conducted must be considered.  Bell, 441 U.S. at 559 (quotations omitted); Bull, 595 F.3d at 972; Nunez, 591 F.3d at 1227; Michenfelder, 860 F.2d at 332.

In evaluating whether a prison's policy or practice is reasonable under the Fourth Amendment, courts must also look to the test articulated in Turner v. Safley, 482 U.S. 78, 89-91 (1987).  Under Turner as applied to Fourth Amendment body search claim, any infringement on a prisoner's Fourth Amendment rights must be reasonably related to legitimate penological interests; this requires consideration of: (1) whether there is a valid, rational connection between the prison regulation and the legitimate governmental interest put forward to justify it; (2) the impact the accommodation of the asserted constitutional right will have on guards and other inmates, and on the allocation of prison resources generally; and (3) the absence of ready alternatives.  Bull, 595 F.3d at 973; Nunez, 591 F.3d at 1227; Michenfelder, 860 F.2d at 331.

Plaintiff's allegations must be sufficient to state a facially plausible Fourth Amendment claim, with any alleged infringement being "evaluated in the light of the central objective of prison administration, safeguarding institutional security." Bull, 595 F.3d at 972 (quoting Bell, 441 U.S. at 547).  "[T]he problems that arise in the day-to-day operation of a correctional facility are not susceptible of easy solutions," and prison officials must be accorded "'wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.'"  Id.

Plaintiff's claim of an unconstitutional search under the Fourth Amendment again fails.  Plaintiff was given the appropriate legal standards for stating an unconstitutional search claim in the Court's prior Screening Order.  (ECF No. 9.)  Plaintiff was specifically

4

informed that her statement that the search was wrong was insufficient to state a claim. Plaintiff's amended complaint is only slightly more descriptive in that she states a date and attempts to describe a defendant. However, she still does not meaningfully address the deficiencies noted by the Court. The Court finds that Plaintiff's search claim is not capable of being remedied by granting further leave to amend.

## V.   CONCLUSION AND ORDER

The Court finds that Plaintiff's First Amended Complaint fails to state any Section 1983 claims upon which relief may be granted against the named Defendants. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires." In addition, "[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect." Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal citations omitted). However, in this action, Plaintiff filed two complaints and received substantial guidance from the Court in its Screening Order. (ECF Nos. 1, 9, & 10.) Even after receiving the Court's guidance, Plaintiff failed to make alterations or to include additional facts to address the noted deficiencies. Because of this, the Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore orders that further leave to amend not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

Accordingly, based on the foregoing, the Court HEREBY ORDERS that this action be DISMISSED in its entirety, WITH PREJUDICE, for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated:   October 14, 2011

UNITED STATES MAGISTRATE JUDGE